**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::
**THOMAS A. BUTLER,**

                         **Petitioner,**

  v.                                                                 **9:03-CV-0608**
                                                                                        **(NPM)**

**SANDRA DOLCE, Supt.,**

                        **Respondent.**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PETITIONER**:

**THOMAS A. BUTLER**
Petitioner, *Pro Se*

**Last Known Address:**
02-B-0738
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011

**FOR THE RESPONDENT:**

**HON. ELIOT SPITZER**          **SENTA B. SUIDA, ESQ.**
Attorney General of the           Assistant Attorney General
State of New York
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

**NEAL P. MCCURN**
**SENIOR UNITED STATES DISTRICT JUDGE**

## ORDER

**I.**      **Background**

      **A.**      **State Court Proceedings**

The state court records provided to the Court reflect that in the evening hours of August 23, 2001 petitioner was driving a blue 1998 Honda in Auburn, New York. See Dkt. No. 9, Exh.

1. While driving that automobile, petitioner struck a five-year-old boy who had entered the road on State Street in Auburn. See id., Exh. 2. When police arrived at the scene, petitioner admitted to driving the vehicle and to have recently consumed four beers. See id., Exh. 1. Officer Skardinski of the Auburn Police Department then directed Butler to perform various field tests utilized by law enforcement agents to determine whether an individual was operating a motor vehicle while under the influence of alcohol, and Butler failed three out of four of those field sobriety tests. Id. After a breath screening test administered to Butler revealed that his blood alcohol level was 0.17 percent, Butler was arrested and taken into custody. Id. At the Auburn police department, Butler admitted to law enforcement agents that he had prior alcohol-related convictions and that his drivers' licence had been suspended or revoked. Id.

Butler thereafter waived his right to a grand jury indictment and consented to be prosecuted on a Superior Court Information. See Dkt. No. 9, Exh. 4. That Information accused Butler of driving while intoxicated, contrary to N.Y.Veh.Traf. § 1192(2), and the aggravated unlicensed operation of a motor vehicle, contrary to N.Y.Veh.Traf. § 511(3). See Dkt. No. 9, Exh. 4. Petitioner subsequently appeared before County Court Judge Peter E. Corning in Cayuga County Court and pleaded guilty to both charges. See Dkt. No. 9, Exh. 5.[1] On March 28, 2002, petitioner was sentenced by Judge Corning to concurrent, indeterminate terms of imprisonment of one and one-third to four years on each of his two convictions. Id. Petitioner did not appeal the judgment of convictions. See Petition at ¶ 8.

In July, 2002 petitioner filed a motion to vacate the judgment of conviction pursuant to

---

[1] The date on which Butler pleaded guilty to the criminal charges is not apparent to the Court from the state court record.

New York Criminal Procedure Law ("CPL") § 440.10 in Cayuga County Court.  See Dkt. No. 9, Exh. 6.  In his CPL motion, Butler claimed that he did not have the benefit of counsel when he pleaded guilty to the prior DWI charge upon which the prosecutor relied in obtaining the conviction before Judge Corning.  See Dkt. No. 9, Exh. 6.  Butler claimed in his CPL motion that as a result, the County Court did not have jurisdiction over on Butler.  Id.  By Memorandum Decision and Order dated September 18, 2002, Judge Corning denied and dismissed Butler's CPL motion.  Dkt. No. 9, Exh. 9.  On April 7, 2003, the New York State Supreme Court Appellate Division, Fourth Department denied Butler's application for leave to appeal the September, 2002 order of the County Court.  Dkt. No. 9, Exh. 12.

### B.  This Action

Butler filed the present petition for habeas corpus pursuant to 28 U.S.C. § 2254 on May 13, 2003.  See Petition at 7.[2]  By Order dated May 23, 2003, United States District Judge David N. Hurd issued an order that directed the Office of the Attorney General for the State of New York ("Attorney General") to file a response to Butler's petition.  See Dkt. No. 3 ("May, 2003 Order").  On September 11, 2003, the Attorney General for the State of New York, acting on respondent's behalf, filed an answer and memorandum of law requesting dismissal of the

---

[2] Although Butler's petition was file-stamped by the clerk of that court on May 19, 2003, the Second Circuit has held that due to the unique difficulties faced by incarcerated *pro se* litigants, a prisoner's pleading is deemed to be properly filed at the time he or she hands the papers to the prison authorities for transmittal to the court. *Dory v. Ryan*, 999 F.2d 679, 681-82 (2d Cir), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994); *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir.), *cert. denied*, 534 U.S. 886, 122 S.Ct. 197 (2001) (extending "prison mailbox rule" to petitions seeking writ of habeas corpus pursuant to 28 U.S.C. § 2254).  Butler dated his petition May 13, 2003.  *See* Petition at 7.  Applying the prison mailbox rule, this Court finds that Butler should be deemed to have commenced this proceeding on Tuesday, May 13, 2003, the date on which he apparently signed his petition.

petition. See Dkt. Nos. 9-10.

By Order filed on January 5, 2006, then-Chief United States District Judge Frederick J. Scullin, Jr. re-assigned the present action to the undersigned for disposition. See Dkt. No. 11. That order, which was sent by the Clerk to Butler at his last known address, was returned to the Clerk by the United States Post Office marked "RTS – Released/Butler CF 2/9/05." See Dkt. No. 12.

## II.     Discussion

### A.     Mootness

Subsequent to this Court receiving, as undeliverable to Butler, the copy of the January 5, 2006 order of Judge Scullin, a staff attorney of this Court examined the web site maintained by the New York State Department of Correctional Services ("DOCS").  According to that web site, on February 9, 2005, Butler was released to parole supervision from the Butler correctional facility.  See http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ1/WINQ000; inmate name "Butler, Thomas".

Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a "case or controversy." Spencer v. Kemna, 523 U.S. 1, 7 (1998); Baur v. Veneman, 352 F.3d 625, 631-32 (2d Cir. 2003); Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 258 F.Supp.2d 157, 160 (E.D.N.Y. 2003).  Thus, where the issues presented by a party in an action are no longer "live," or the party lacks a legally cognizable interest in the outcome, the federal action is properly dismissed as moot. City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (internal quotations and citations omitted); Lavin v. United States, 299 F.3d 123, 128 (2d Cir. 2002); see also Yekimoff v. New York State Div. of

Parole, No. 02 Civ. 8710, 2003 WL 22305171, at *1 (S.D.N.Y. Oct. 8, 2003).[3]

In light of the foregoing, this Court must ascertain whether Butler's release from prison has rendered this habeas petition moot.

The "case-or-controversy" requirement of Article III is typically satisfied in the context of federal habeas petitions challenging the validity of a state court conviction because the incarceration "constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer, 523 U.S. at 7; see also Geraci v. Sheriff, Schoharie County Jail, No. 99-CV-0405, 2004 WL 437466, at *1-2 (N.D.N.Y. Feb. 20, 2004) (Sharpe, J.). Moreover, a habeas petition challenging a criminal conviction is not necessarily rendered moot when the petitioner is released from prison because collateral consequences of that conviction survive an inmate's release from prison. See, e.g., Spencer, 523 U.S. at 12 ("it is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences'") (quoting Sibron v. New York, 392 U.S. 40, 55 (1968)).

In the present case, Butler's petition does not appear to have been rendered moot by his apparent release from prison; his habeas petition was filed while he was in custody, and the collateral consequences which still exist as a result of his felony conviction precludes a finding

---

[3] Although the respondent has not argued that this action is moot, this Court notes that when a case becomes moot, the federal court is deprived of subject matter jurisdiction over the action. See Fox v. Board of Trustees of the State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994) (internal quotation and citation omitted). Federal courts must consider sua sponte matters, such as whether an action has become moot, that touch upon the court's subject matter jurisdiction. Krimstock v. Kelly, 306 F.3d 40, 70 n.34 (2d Cir. 2002) ("whether the claims of some plaintiffs have been rendered moot ... is a question that a court must address sua sponte").

that this matter is moot.[4]  Spencer, 523 U.S. at 12; see also Rubin v. Garvin, No. 02-CV-0639, 2005 WL 3827593, at *7 (N.D.N.Y. Dec. 15, 2005) (Peebles, M.J.), adopted, 2006 WL 538762 (N.D.N.Y. Mar. 3, 2006) (Mordue, J.).  Thus, this Court declines to dismiss Butler's petition as moot.

### B.  **Failure to Comply with Prior Order of Court**

In his May, 2003 Order, Judge Hurd, to whom this case was originally assigned, *specifically advised* Butler that he was required to keep both the Clerk's Office for the Northern District of New York and the respondent apprised of his current address, and that his failure to do so would result in the dismissal of his action.[5]  *See* May, 2003 Order at 4.  Despite that clear and unambiguous notice to Butler, he has not informed this Court of his current address since his release to parole in February, 2005.

In discussing the requirement that parties in the Northern District keep the Clerk apprised of their current address, then-Magistrate Judge Gary L. Sharpe has sagely observed:

> Litigants have a continuing obligation to keep the court informed of any change of address that may occur during the pendency of an action.  *See* N.D.N.Y.L.R. 10(b); Fenza v. Conklin, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, D.J.). Notification of a new address is essential for the orderly disposition of cases as it is not feasible for the court to independently maintain the current addresses of all parties to pending actions.  Id. at 127 (citations omitted). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for the failure to prosecute or

---

[4]   Examples of such collateral consequences include the inability to serve as a juror, engage in certain businesses, or vote.  *Johnson v. Levine*, 00Civ.8402, 2001 WL 282719, at *1 (S.D.N.Y. Mar. 21, 2001).

[5]   That directive was in all likelihood issued in recognition of Rules 10.1(b) and 41.2(b) of the Local Rules of Practice for the Northern District of New York ("Local Rules").

>
> comply with an order of the court.  See Williams v. Faulkner, 1998 WL 278288 (N.D.N.Y. May 20, 1998) (Pooler, D.J.). Consequently, the petitioner's failure to notify the court of an address change is grounds for dismissal.  [Fenza,] 177 F.R.D. at 127.

Michaud v. Williams, No. 98CV1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999).

For more than twenty-one months, Butler has failed to comply with the directive of Judge Hurd – as well as the requirements of this District's Local Rules – concerning Butler's obligation to keep the Clerk of the Court apprised of petitioner's current address.  Therefore, this Court dismisses the present action due to petitioner's failure to comply with the terms of the May, 2003 Order and Local Rules 10.1(b) and 41.2(b).  See Michaud, 1999 WL 33504430, at *1; see also Cordero v. Goord, No. 9:04-CV-1360, 2006 WL 2927153, at *2 (N.D.N.Y. Oct. 11, 2006) Faulkner, 1998 WL 278288, at *1 (citing N.D.N.Y.L.R. 41.2(b)).

**WHEREFORE**, based upon the above, it is hereby

**ORDERED**, that the petition in this matter is **DENIED** and **DISMISSED** due to petitioner's failure to comply with the terms of the May, 2003 Order as well as Rules 10.1(b)(2) and 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties by regular or electronic mail.

Dated: November 16, 2006
       Syracuse, NY

_____
Neal P. McCurn
Senior U.S. District Judge